# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| KEVIN M. CLAY and CRYSANNE CLAY, ) ) ) | |
| Plaintiffs, ) ) | |
| . ) ) | CIVIL ACTION NO.: |
| v. ) ) | |
| BANK OF AMERICA, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC.; ) ) ) ) ) ) ) | |
| ) | TRIAL BY JURY IS DEMANDED. |
| Defendants. ) | Electronically Filed |

## COMPLAINT

COMES NOW the Plaintiffs, KEVIN M. CLAY and CRYSANNE CLAY, (hereafter collectively the "Plaintiffs") by counsel, and for their complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District and Defendants operate in Pennsylvania through statutory and/or registered agents located in this division.

## PARTIES

3. The Plaintiffs are natural persons, husband and wife, and residents of the Commonwealth of Pennsylvania. They are "consumers" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1682(a)(3).

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") is a corporation authorized to do business in the Commonwealth of Pennsylvania through its registered agent's office.

5. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Pennsylvania through its registered agent's office.

8. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the State of Pennsylvania through its registered agent's

office.

11. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, BANK OF AMERICA, NATIONAL ASSOCIATION ("Bank of America") is a corporation doing business in the State of Pennsylvania.

## FACTS

13. Prior to 2005, the Plaintiffs transacted a home loan held by Bank of America.

14. In January, 2005, Plaintiffs refinanced their mortgage and paid it timely and in full as shown on Exhibit "A" attached hereto.

15. On or about March 17, 2009, Plaintiffs applied for another refinance of their mortgage and upon application, discovered that Plaintiffs' original mortgage with Bank of America was reported within Plaintiffs' Equifax, Experian and Trans Union credit reports as thirty (30) days delinquent as of May, 2005, nearly four (4) months after the mortgage was paid in full. (the "Bank of America reporting").

16. The Bank of America reporting was inaccurate. The Bank of America account was paid in full at the time of the Plaintiffs' refinance on January 27, 2005 and was never late.

17. On multiple occasions after March 17, 2009, Plaintiffs contacted Bank of America and disputed the inaccurate delinquent reporting of the Bank of America mortgage.

18. Within the last two years prior to the filing of this complaint, the Plaintiffs disputed the inaccurate reporting of the Bank of America mortgage to Equifax, Experian and Trans Union.

19. On or about March 26, 2009 Plaintiff, Kevin Clay, received a response to his dispute from Equifax, stating that the creditor had verified that the prior paying history was being reported correctly.

20. On or about April 13, 2009, Plaintiff, Crysanne Clay, received a response to her dispute from Equifax, stating that the creditor had verified that the prior paying history was being reported correctly.

21. On or about March 24, 2009, Plaintiff, Kevin Clay, received a response to his dispute from Experian, stating that the creditor had verified the Bank of America account as accurate.

22. On or about April 11, 2009, Plaintiff, Crysanne Clay, received a response to her dispute from Experian, stating that the creditor had verified the Bank of America account as accurate.

23. On or about March 26, 2009, Plaintiff, Kevin Clay, received a response to his dispute from Trans Union, stating that the creditor had verified the Bank of America account as accurate.

24. On or about April 16, 2009, Plaintiff, Crysanne Clay, received a response to her dispute from Trans Union, stating that the creditor had verified the Bank of America account as accurate.

25. Defendants each received, but ignored the Plaintiffs' disputes and did refuse to delete the inaccurate information regarding the account from the Plaintiffs' credit file.

26. Defendants each had actual knowledge of this inaccuracy and deliberately chose to ignore and permit same.

27. After receiving Plaintiffs' notice of the inaccuracy and within the two years preceding the filing of this action, Equifax, Experian and Trans Union each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory account of Bank of America.

28. Equifax, Experian and Trans Union each received Plaintiffs' multiple disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law.  Instead, they merely "parroted" the information dictated to it by Bank of America.

29. Upon information and belief, Plaintiffs allege that on one or more occasions Equifax, Experian and Trans Union each forwarded Plaintiffs' disputes to Bank of America.  Upon information and belief, Bank of America was provided notice of Plaintiffs' disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

30. As a result of the continuing and inaccurate Bank of America reporting, the Plaintiffs were unable to obtain their mortgage refinance as sought and have incurred significantly greater interest and mortgage expenses as well as other credit injury as a result.

<u>**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**</u>

<u>**§15 U.S.C. 1681s-2(b)(1)(A) (Bank of America)**</u>

31. Plaintiffs reallege and incorporate paragraph 1 through 30 above as if fully set out here.

32. Within two years prior to the filing of this suit, by example only and without limitation, Bank of America violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiffs' dispute of the Bank of America representation.

33. As a result of this conduct, action and inaction of Bank of America, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

34. Bank of America's conduct, action and inaction was willful, rendering Bank of America liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Bank of America was negligent entitling the Plaintiffs to

recover under 15 U.S.C. §1681o.

35. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)(1)(B) (Bank of America)

36. Plaintiffs reallege and incorporate paragraphs 1 through 35 above as if fully set out herein.

37. Within two years prior to the filing of this suit, by example only and without limitation, Bank of America violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

38. As a result of this conduct, action and inaction of Bank of America the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

39. Bank of America's conduct, action and inaction was willful, rendering Bank of America liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Bank of America was negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

40. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15U.S.C. 1681s-2(b)(1)(C)and(D) (Bank of America)

41. Plaintiffs reallege and incorporate paragraphs 1 through 40 above as if fully set out

herein.

42. Within two years prior to the filing of this suit, by example only and without limitation, Bank of America violated the Fair Credit Reporting Act, 15 U.S.C. §681s-2(b)(1)(C) and (D) by publishing the Bank of America representation within Plaintiffs' credit files with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

43. As a result of this conduct, action and inaction of Bank of America the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

44. Bank of America's conduct, action and inaction was willful, rendering Bank of America liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Bank of America was negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

45. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681e(b) (Equifax, Experian and Trans Union)

46. The Plaintiffs reallege and incorporate paragraphs 1 through 45 above as if fully set out herein.

47. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' credit reports and credit files they published and maintains

concerning the Plaintiffs.

48.  As a result of the conduct, actions and inactions of Equifax, Experian and Trans Union, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

49.  Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants Equifax, Experian and Trans Union were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

50.  The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C.  §1681n and §1681o.

c  **COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
   **§15 U.S.C. 1681i(a)(1) (Equifax, Experian and Trans Union)**

51.  Plaintiffs reallege and incorporate paragraphs 1 through 50 above as if fully set out herein.

52.  Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate and complete and record the current status of the disputed information or delete the item from the Plaintiffs' credit files.

53.  As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

54.  Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions

were willful, rendering Defendants, Equifax Experian and Trans Union each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants, Equifax, Experian and Trans Union were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

55.  The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(2) (Equifax, Experian and Trans Union)

56.  Plaintiffs reallege and incorporate paragraphs 1 through 55 above as if fully set out herein.

57.  Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide notification of the Plaintiffs' dispute to Bank of America and by failing to include all relevant information regarding the Plaintiffs' dispute.

58.  As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

59.  Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants, Equifax, Experian and Trans Union were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

60.  The Plaintiffs are entitled to recover actual damages, statutory damages, costs and

attorney's fees from Defendants Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(4) (Equifax, Experian and Trans Union)

61. Plaintiffs reallege and incorporate paragraphs 1 through 60 above as if fully set out herein.

62. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiffs.

63. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

64. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants, Equifax, Experian and Trans Union were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

65. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(5)(A) (Equifax, Experian and Trans Union)

66. Plaintiffs reallege and incorporate paragraphs 1 through 65 above as if fully set out herein.

67. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiffs' credit files or modify the item of information upon an accurate reinvestigation.

68. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

69. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants, Equifax, Experian and Trans Union were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

70. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(5)(c) (Equifax, Experian and Trans Union)**

71. Plaintiffs reallege and incorporate paragraphs 1 through 70 above as if fully set out herein.

72. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiffs' credit files.

73. As a of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and

benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

74. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Tran Union each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants, Equifax, Experian and Trans Union were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

75. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiffs demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

KEVIN M. CLAY and CRYSANNE CLAY

By:     /s/ James M. Pietz

James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
Mitchell Building
304 Ross Street, Suite 700
412-288-4333
jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
12515 Warwick Boulevard
Newport News, Va. 23606
(757) 930-3660
lenbennett@clalegal.com
*Counsel for Plaintiffs*