**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN CLAY, *et ux.*, )<br>)<br>               Plaintiffs, )<br>)<br>v.                              )<br>)<br>BANK OF AMERICA, N.A., *et al.*,  )<br>)<br>              Defendants. ) | C.A. No: 10-0986 |

**ANSWER OF TRANS UNION LLC**

Trans Union LLC ("Trans Union"), Answers Plaintiffs' Complaint as follows:

**I.   PRELIMINARY STATEMENT**

1. Trans Union denies violating the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"), as alleged in paragraph 1 of the Complaint.

**II.   JURISDICTION**

2. Admits the allegations of paragraph 2 of the Complaint respecting jurisdiction and venue; denies the remaining allegations respecting Trans Union; no responsive pleading required for allegations directed toward third parties.

**III.   PARTIES**

3. Admits the allegation of paragraph 3 of the Complaint that Plaintiffs are consumers and residents of Pennsylvania; denies knowledge or information respecting the remaining allegation.

4-9.   No responsive pleading required for allegations directed toward third parties, as alleged in paragraphs 4 through 9 of the Complaint.

10.     Denies the allegations of paragraph 10 of the Complaint, except admits only that Trans Union is authorized to do business in Pennsylvania.

11-12.  Admits that Trans Union is a "consumer reporting agency" as defined by the FCRA.

13.     No responsive pleading required for allegations directed toward third parties, as alleged in paragraph 13 of the Complaint.

## IV.    FACTS

13a.    Denies the allegations of paragraph 13a of the Complaint, except admits only that Plaintiffs' credit files reflect two mortgage accounts with Bank of America opened prior to 2005.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, except admits only that as of March 24, 2009, Bank of America reported a second mortgage account to Trans Union as thirty days late in May 2005 and closed in June 2005, which account appeared in both Plaintiffs' credit files..

16-17.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16 and 17 of the Complaint.

18.     Admits only that Trans Union received disputes respecting a Bank of America account from Plaintiffs on March 23, 2009 and from Plaintiff Crysanne Clay on May 19, 2009.

19-22.  No responsive pleading required for allegations directed toward third parties, as alleged in paragraphs 19 through 22 of the Complaint.

23-24.  Admits the allegations of paragraphs 23 and 24 of the Complaint.

25-26.   Denies the allegations of paragraphs 25 and 26 of the Complaint to the extent they pertain to Trans Union.  No responsive pleading required for the remaining allegations directed toward third parties.

27.   Denies the allegations of paragraph 27 of the Complaint to the extend they pertain to Trans Union, except admits only that Trans Union has furnished consumer reports respecting Plaintiffs to third parties after March 23, 2009.  No responsive pleading required for the remaining allegations directed toward third parties.

28.   Denies the allegations of paragraph 28 of the Complaint to the extent they pertain to Trans Union.  No responsive pleading required for the remaining allegations directed toward third parties.

29.   Admits that on one or more occasions Trans Union has forwarded Plaintiffs' disputes to Bank of America.  No responsive pleading required for the remaining allegations directed toward third parties.

30.   Denies the allegations of paragraph 30 of the Complaint and denies causing Plaintiffs harm for which they are entitled to relief.  No responsive pleading required for the remaining allegations directed toward third parties.

**V.     CLAIMS**

**COUNTS ONE, TWO AND THREE**

31-45. Repeats and realleges each and every response to paragraphs 1 through 30 of the Complaint as if set forth at length herein. No responsive pleading required for allegations directed toward third parties, as alleged in Counts One, Two and Three, paragraphs 31 through 45.

**COUNTS FOUR, FIVE, SIX, SEVEN, EIGHT, AND NINE**

46-75. Repeats and realleges each and every response to paragraphs 1 through 45 of the Complaint as if set forth at length herein. Denies the allegations of Counts Four, Five, Six, Seven, Eight, and Nine, paragraphs 46-50; 51-55; 56-59; 61-65; 66-70; and 71-57 of the Complaint to the extent they pertain to Trans Union. No responsive pleading required for allegations directed toward third parties.

WHEREFORE, Trans Union LLC demands judgment dismissing Plaintiffs' Complaint with prejudice, and awarding it such additional relief as the Court deems just and proper.

**FIRST DEFENSE**

The Complaint fails to set forth facts sufficient to state a claim for which relief may be granted in favor of Plaintiffs and against Trans Union. Plaintiffs fail to allege facts essential to their claims such as, *inter alia*, the identity of entities to which the allegedly inaccurate information was reported by Trans Union and the dates thereon, the facts of the alleged adverse actions, and the content and dates of the alleged disputes.

## SECOND DEFENSE

Trans Union has, at all material times with respect to Plaintiff, acted in good faith and complied fully with the FCRA and relevant state laws.

## THIRD DEFENSE

The claims contained in the Complaint, which seek to recover punitive damages, violate the Constitution of the United States of America.

## FOURTH DEFENSE

Any harm suffered by Plaintiffs was not caused by any act or omission of Trans Union. Any harm suffered by Plaintiffs was caused by Plaintiffs' own conduct or the conduct of third parties over which Trans Union has no control or authority, such as Plaintiff's high use of credit card debt and Bank of America's record keeping.

## FIFTH DEFENSE

Plaintiffs were aware of the allegedly inaccurate information since at least January 2006 and, as such, her claims for relief are barred by the applicable statutes of limitation, including, without limitation, 15 U.S.C. §1681p.

## SIXTH DEFENSE

Plaintiffs' claim respecting the Bank of America account concerns a legal issue which, as a matter of law, Trans Union is and was not obligated to resolve under the FCRA.  *See Deandrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008); *Cornock v. Trans Union LLC*, 638 F. Supp.2d 158 (D. NH 2009).  Therefore plaintiff's claims against Trans Union should be dismissed.

WHEREFORE, Trans Union LLC demands judgment dismissing Plaintiff's Complaint with prejudice, and awarding it such additional relief as the Court deems just and proper.

Respectfully submitted,

KOGAN, TRICHON & WERTHEIMER, P.C.

*/s/ Christopher N. Jones*
CHRISTOPHER N. JONES
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7630; Fax: (215) 575-7688
Email: cjones@mstkw.com

*Counsel for Defendant, Trans Union LLC*

DATED:	August 24, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN CLAY, *et ux.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., *et al.*, )<br>)<br>Defendants. ) | C.A. No: 10-0986 |

**CERTIFICATE OF SERVICE**

CHRISTOPHER N. JONES, Esq., hereby certifies that he caused a true and correct copy of the foregoing Trans Union LLC's Answer to be sent on this date, *via* the Court's ECF Notice System, to the following:

James M. Pietz, Esq.
Pietz Law Office
304 Ross St., Suite 700
Pittsburgh, PA 15219
(412) 288-4333
Fax: (412) 288-4334
Email: jpietz@jpietzlaw.com
*Counsel for Plaintiff*

Jennifer G. Betts, Esq.
Jones Day
500 Grant Street
One Mellon Center, Suite 4500
Pittsburgh, PA 15219
412-394-7937; Fax: 412-394-7959
Email: jgbetts@jonesday.com
*Counsel for Experian Information Solutions, Inc.*

Leonard A. Bennett, Esq.
Consumer Litigation Associates
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660; Fax: (757) 930-3662
Email: lenbennett@clalegal.com
*Counsel for Plaintiff*

                                                     */s/ Christopher N. Jones*
                                                     CHRISTOPHER N. JONES

DATED:        August 24, 2010