IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| KEVIN M. CLAY and CRYSANNE CLAY, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 2:10-cv-00986-ARH |

### ANSWER AND DEFENSES OF EQUIFAX INFORMATION SERVICES LLC

Defendant Equifax Information Services LLC, (hereinafter "Equifax"), through its undersigned counsel, hereby files its answer and defenses to Plaintiffs' Complaint as follows:

### PRELIMINARY STATEMENT

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required. In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

### ANSWER

1. Equifax admits that Plaintiffs bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, but denies that Plaintiffs can state a claim against Equifax under the FCRA or any other authority and denies that Plaintiffs are entitled to the damages and other relief they seek in this action as to Equifax.

2. Equifax admits that this Court has jurisdiction. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Equifax admits the allegations in Paragraph 4.

5. Equifax admits the allegations in Paragraph 5.

6. Equifax admits the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint.

694787_1

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph 13 of Plaintiffs' Complaint.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. Equifax admits that it received disputes from Plaintiff Kevin Clay on or about March 23, 2009 and from Plaintiff Crysanne Clay on or about March 24, 2009 and May 19, 2009 concerning the reporting of a Bank of America tradeline. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Equifax admits that it sent a response to Plaintiff Kevin Clay's dispute on or about March 26, 2009 advising that the creditor verified the reporting of the account. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of Plaintiffs' Complaint.

20. Equifax admits that it sent a response to Plaintiff Crysanne Clay's disputes on or about April 13, 2009 and June 5, 2009 advising that the creditor verified the reporting of the account. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Equifax admits that it received disputes from Plaintiffs, but denies the remaining allegations in Paragraph 25 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Equifax denies the allegations in Paragraph 26 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Equifax denies the allegations in Paragraph 27 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Equifax denies the allegations in Paragraph 28 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Equifax admits that it notified Bank of America of Plaintiffs' disputes. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of Plaintiffs' Complaint.

30. Equifax denies the allegations in Paragraph 30 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Equifax restates and incorporates its responses to paragraphs 1 – 30 as though fully set forth herein.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Equifax restates and incorporates its responses to paragraphs 1 – 35 as though fully set forth herein.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. Equifax restates and incorporates its responses to paragraphs 1 – 40 as though fully set forth herein.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Equifax restates and incorporates its responses to paragraphs 1 – 45 as though fully set forth herein.

47. Equifax denies the allegations in Paragraph 47 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Equifax denies the allegations in Paragraph 48 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Equifax denies the allegations in Paragraph 49 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Equifax denies the allegations in Paragraph 50 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Equifax restates and incorporates its responses to paragraphs 1 – 51 as though fully set forth herein.

52. Equifax denies the allegations in Paragraph 52 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of Plaintiffs' Complaint.

53. Equifax denies the allegations in Paragraph 53 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of Plaintiffs' Complaint.

54. Equifax denies the allegations in Paragraph 54 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of Plaintiffs' Complaint.

55. Equifax denies the allegations in Paragraph 55 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of Plaintiffs' Complaint.

56. Equifax restates and incorporates its responses to paragraphs 1 – 55 as though fully set forth herein.

57. Equifax denies the allegations in Paragraph 57 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of Plaintiffs' Complaint.

58. Equifax denies the allegations in Paragraph 58 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of Plaintiffs' Complaint.

59. Equifax denies the allegations in Paragraph 59 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 of Plaintiffs' Complaint.

60. Equifax denies the allegations in Paragraph 60 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of Plaintiffs' Complaint.

61. Equifax restates and incorporates its responses to paragraphs 1 – 60 as though fully set forth herein.

62. Equifax denies the allegations in Paragraph 62 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of Plaintiffs' Complaint.

63. Equifax denies the allegations in Paragraph 63 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of Plaintiffs' Complaint.

64. Equifax denies the allegations in Paragraph 64 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of Plaintiffs' Complaint.

65. Equifax denies the allegations in Paragraph 65 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of Plaintiffs' Complaint.

66. Equifax restates and incorporates its responses to paragraphs 1 – 65 as though fully set forth herein.

67. Equifax denies the allegations in Paragraph 67 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of Plaintiffs' Complaint.

68. Equifax denies the allegations in Paragraph 68 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of Plaintiffs' Complaint.

69. Equifax denies the allegations in Paragraph 69 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 of Plaintiffs' Complaint.

70. Equifax denies the allegations in Paragraph 70 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of Plaintiffs' Complaint.

71. Equifax restates and incorporates its responses to paragraphs 1 – 70 as though fully set forth herein.

72. Equifax denies the allegations in Paragraph 72 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 of Plaintiffs' Complaint.

694787_1

73. Equifax denies the allegations in Paragraph 73 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of Plaintiffs' Complaint.

74. Equifax denies the allegations in Paragraph 74 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 of Plaintiffs' Complaint.

75. Equifax denies the allegations in Paragraph 75 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 of Plaintiffs' Complaint.

76. Equifax admits that Plaintiffs demand a trial by jury.

77. Equifax denies that Plaintiffs are entitled to any of the relief Plaintiffs seek in their Prayer For Relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

### THIRD DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiffs' consumer credit files.

### FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiffs' credit files, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FIFTH DEFENSE

Plaintiffs have not sustained any damages.

### SIXTH DEFENSE

Plaintiffs' damages, if any, are caused by their own acts or omissions, or the acts or omissions of third parties other than Equifax.

### SEVENTH DEFENSE

Plaintiffs have not alleged any injury in fact.

### EIGHTH DEFENSE

Plaintiffs' claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

### NINTH DEFENSE

Plaintiffs' Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**TENTH DEFENSE**

Plaintiffs cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

**ELEVENTH DEFENSE**

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Equifax prays for judgment as follows: (1) Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with costs taxed against Plaintiffs; (2) that Equifax be dismissed as a party to this action; (3) that Equifax recover from Plaintiffs its expenses of litigation, including attorneys' fees; and (4) that Equifax recover such other and additional relief as the Court deems proper.

Respectfully submitted this 3rd day of September 2010.

One of its Attorneys
Rex F. Brien (PA 40884)
CHRISTIE, PABARUE, MORTENSEN AND YOUNG
*A Professional Corporation*
1880 JFK Boulevard, 10th Floor
Philadelphia, Pennsylvania 19103
Direct Dial: (215) 587-1609
Direct Fax: (215) 587-1699
E-mail: RFBrien@CPMY.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to:

James M. Pietz
Pietz Law Office LLC
Mitchell Building
304 Ross Street, Suite 700
jpietz@jpietzlaw.com

Leonard A. Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Newport news, VA 23606
lenbennett@clalegal.com

Jennifer G. Betts
Jones Day
500 Grant Street
One Mellon Center, Suite 4500
Pittsburgh, PA 15219
jgbetts@jonesday.com

Christopher N. Jones
Kogan, Trichon & Wertheiimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19151
cjones@mstkw.com

Dated: September 3, 2010.

By: _____
REX F. BRIEN (PA 40884)

694787_1