IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| KEVIN M. CLAY and CRYSANNE CLAY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-cv-00986 |
| | ) | |
| BANK OF AMERICA, NATIONAL ASSOCIATION EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIOSN, INC.; and TRANS UNION LLC, | ) ) ) ) ) ) | Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) | |

Electronically Filed

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

**1.  Identification of counsel and unrepresented parties.**

PLAINTIFF'S COUNSEL:

    Leonard A. Bennett, Pro Hac Vice
    CONSUMER LITIGATION ASSOCIATES, P.C.
    12515 Warwick Boulevard, Suite 201
    (Newport News, Virginia 23606
    (757) 930-3660
    (757) 930-3662 facsimile

    James M. Pietz
    PIETZ LAW OFFICE LLC
    Mitchell Building
    304 Ross Street, Suite 700
    412-288-4333
    jpietz@jpietzlaw.com


DEFENDANT'S COUNSEL:

Counsel for Defendant Bank of America, N.A.:

K. Issac deVyver
Melissa M. Taylor
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Phone: (412) 288-3131
Fax: (412) 288-3063
kidevyver@reedsmith.com
mmtaylor@reedsmith.com

Counsel for Trans Union:

TIMOTHY P. CREECH
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
E-mail: tcreech@ktwlaw.com


Counsel for Experian:

Jennifer G. Betts
Jones Day
500 Grant Street
One Mellon Center, Suite 4500
Pittsburgh, PA 15219
412-394-7937; Fax: 412-394-7959
Email: jgbetts@jonesday.com


2. **Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):**

   The Complaint asserts that Defendants failed to comply with their duties under the under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* in connection with responding to and investigating disputes made by Plaintiffs that certain information maintained in their credit files was false.


3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held November 16, 2010. The participants included Leonard Bennett and James Pietz for Plaintiffs, Melissa Taylor for Defendant


Bank of America, N.A, Bruce S. Luckman (pro hac pending) for Trans Union and Jennifer G. Betts for Experian.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   The Rule 16 Initial Scheduling Conference is set for November 19 at 11:00 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   A Rule 12 dispositive motion will not be filed.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process.** See attached Stipulation Selecting ADR Process, marked as Exhibit A:

   The Parties have mutually agreed to private mediation as the specific ADR process. The Parties have agreed to mediate this matter before January 15, 2010. They are in the process of selecting a private mediator.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   The Parties will make their Rule 26(a) disclosures on, or before December 15, 2010. The parties will make these disclosures and related document production electronically.

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

   The parties intend to take discovery on the following subject matter, including but not limited to: 1) the investigation undertaken by Defendants into the disputes asserted by Plaintiffs; 2) the credit reports issued by Defendants after the disputes were made; 3) Defendants communications with each other, Plaintiffs and/or other third parties; 4) the Plaintiffs' credit denials or inability to obtain or apply for credit suffered by Plaintiffs related to credit reports issued by Defendants; and 5) the accuracy of the information that plaintiffs disputed to the Defendants.

9. **Set forth suggested dates for the following** (See attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to)

a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

December 15, 2010.

b. **Date by which any additional parties shall be joined:**

December 16, 2010 without prejudice to Plaintiffs' rights under Fed.R.Civ.P. 17-22.

c. **Date by which the pleadings shall be amended:**

December 16, 2010 without prejudice to Plaintiffs' rights under Fed.R.Civ.P. 17-22

d. **Date by which fact discovery should be completed:**

April 29, 2011.

e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

N/A

f. **Date by which proponent expert reports should be filed:**

January 31, 2011.

g. **Date by which depositions of proponent expert(s) should be completed**:

April 29, 2011.

h. **Date by which rebuttal expert reports should be filed:**

February 28, 2011.

i. **Date by which depositions of rebuttal expert(s) should be completed:**

April 29, 2011.

j. **Date by which third party expert's reports should be filed:**

N/A

k. **Date by which depositions of third party's expert(s) should be completed:**

N/A

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    The Parties do not believe that changes should be made to the limitations on discovery imposed by the Federal or Local Rules of Procedures.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

    The parties have not considered this need, but rely on the governing law as regards spoliation.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery**

    The Parties have elected to schedule a Post-Discovery Status Conference following the completion of Fact Discovery

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    The Parties do not anticipate any need to appoint a special master.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    The Parties have reached substantial agreement on the matters set forth herein.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**
    The Plaintiffs have provided settlement demands and the Defendants are considering these demands for response.

**Respectfully submitted,**

PLAINTIFF'S COUNSEL:                              DEFENDANT'S COUNSEL:

  s/    LEONARD A. BENNETT                        /s/ Melissa M. Taylor
LEONARD A. BENNETT, Pro Hac Vice                  K. Issac deVyver
CONSUMER LITIGATION ASSOCIATES, P.C.              Pa. I.D. No. 202655
12515 Warwick Boulevard, Suite 201                Melissa M. Taylor
(Newport News, Virginia 23606                     Pa. I.D. No. 209278
(757) 930-3660                                    REED SMITH LLP
(757) 930-3662 facsimile                          Reed Smith Centre
lenbennett@clalegal.com                           225 Fifth Avenue, Suite 1200
                                                  Pittsburgh, PA 15222
JAMES M. PIETZ                                    (412) 288-3131
Pa I.D. No. 55406                                 (412) 288-3063 facsimile
PIETZ LAW OFFICE LLC                              kidevyver@reedsmith.com
Mitchell Building                                 mmtaylor@reedsmith.com
304 Ross Street, Suite 700
412-288-4333                                      Counsel for Defendant
jpietz@jpietzlaw.com                              Bank of America, N.A.

                                                   /s/ Timothy P. Creech
                                                  TIMOTHY P. CREECH
                                                  KOGAN, TRICHON &
                                                  WERTHEIMER, P.C.
                                                  1818 Market St., 30th Floor
                                                  Philadelphia, PA 19103
                                                  (215) 575-7618
                                                  tcreech@ktwlaw.com

                                                  Counsel for Trans Union

                                                  /s/ Jennifer G. Betts
                                                  Jennifer G. Betts
                                                  Jones Day
                                                  500 Grant Street
                                                  One Mellon Center,
                                                  Suite 4500
                                                  Pittsburgh, PA 15219
                                                  412-394-7937
                                                  jgbetts@jonesday.com

                                                  Counsel for Experian